East St. Louis Retail Druggists' Association, Plaintiff-Appellee, v. Local 676–D, A. F. of L. Retail Clerks International Association, and Jo L. Strautz, Defendants-Appellants.

Term No. 54–M–9.

Opinion filed October 4, 1954. Released for publication October 25, 1954.

S. G. LIPPMAN, ROBERT KARMEL, both of Chicago, and JOHN J. HOBAN, of East St. Louis, for appellants.

GOLDENHERSH & GOLDENHERSH, of East St. Louis, for appellee.

Mr. Presiding Justice Culbertson delivered the opinion of the court.

This is an appeal from an interlocutory order of the circuit court of St. Clair county, Illinois, restraining and enjoining defendants from picketing the premises occupied by individual members of the plaintiff Association.

Action was instituted on behalf of the operators of retail drugstores named in the complaint, acting through their unincorporated voluntary Association. The injunction was issued after the court had considered the verified complaint and verified answer which set up affirmative defenses. There was no evidence heard in support of or in opposition to the issuance of the temporary restraining order.

It is contended on appeal by the defendants that the order of the circuit court should be reversed for the following reasons: (1) that exclusive jurisdiction of the subject matter is vested in the National Labor Relations Board by reason of the fact that members of the plaintiff Association are engaged in interstate commerce; (2) that plaintiff Association was not a proper party to complain of the activities of defendants since it did not suffer injury by reason of any such alleged activities; and, (3) that the court exceeded its jurisdiction in issuing the injunction in disregard of the pleadings and in violation of the applicable rules of law.

While a number of matters are considered and raised in the briefs filed in this court it appears from the record that the verified complaint is directed against the Local 676–D, A. F. of L. Retail Clerks International Association, and Jo L. Strautz, as secretary-treasurer of the Local as an officer and individually, and as a representative of the entire membership of the Local. The court is asked to restrain defendants from picketing stores of members of the plaintiff Association.

The pleadings specified, among other things, that a committee acting for employees of the plaintiff Association had been in negotiation with another union and tentatively agreed to a contract with the union, and that plaintiff is advised and believes that a majority of the employees of plaintiff Association either do not desire to become members of any union or have selected the other union as their representative, and that picketing has caused various of the plaintiff's members to suffer financial loss, and that unless restrained and enjoined the members of the Association would continue to suffer irreparable damage, and also that, while the members of the plaintiff Association have been ready to determine whether individual employees desire to become members of the defendant union or any other union, in a proper and lawful manner, that members of the plaintiff Association do not intend to permit defendants to practice coercive tactics and thus evade the legal processes available for determination of such matters.

Defendants in their sworn answer admit that defendants contacted certain of plaintiff's members, but state that all of the contacts were made for the purpose of representation of employees of plaintiff's members who had designated defendant union as their bargaining agent. An allegation to the effect that there had been negotiations with another union by a Labor Committee of the plaintiff Association contained in the complaint was neither admitted nor denied in the answer. All other material allegations of the complaint were denied under oath. As affirmative defenses defendants allege that plaintiff was guilty of unfair labor practices in maintaining an alleged labor organization, and that the effect of the action of the plaintiff Association was to request that the court designate the bargaining agent for the various employees of the association members, and that the proper method to deter-

mine this course was by referring the matter to the National Labor Relations Board.

The court issued a temporary writ of injunction restraining defendants from picketing the premises of the individual members of the Association (with the exception of one drug company).

It is pointed out in the brief filed by plaintiff Association in this court that on the same day upon which the court gave consideration to this cause, evidence was heard in a related suit involving the same defendants. There is nothing in the record to show that any such evidence was made a part of the record in this cause. While it is true, as contended by plaintiff Association, that the members of plaintiff Association were entitled to have protection against a wrongful plan of economic strangulation upon individual stores in order to force them into a contract (if such was the fact), we can only give consideration to the cause on the basis of the pleadings and the record before us. The contents of said pleadings having been herein set forth and consideration having been given to same by this court, we conclude that the complaint, in its recitals, does not set forth a sufficient charge of an illegal purpose on the part of defendants nor does it set forth a sufficient charge of any irreparable injury to plaintiff Association to warrant the issuance of a temporary injunction.

As we have stated in a previous case before this court (*Bitzer Motor Co. v. Teamsters, Local 604*, 349 Ill. App. 283, at page 293), "If picketing is employed for a purpose that is lawful and if it is peaceful or even if there are some disassociated acts of violence that do not justify a conclusion that they will be further repeated, then an injunction should be denied. If the court finds that the purpose of the picketing is illegal, because it violates either statute or public policy, then an injunction is proper even though the

330

picketing is found to be carried on in a peaceful manner. The trial court, from the pleadings and the evidence, if any, must determine these questions, and when it does so, its findings should not be disturbed unless manifestly wrong." Similarly, in that case, we noted that the Illinois Anti-Injunction Act does not deprive circuit courts of jurisdiction to restrain any unlawful act, nor of jurisdiction to determine whether or not any act complained of is legal or illegal, and we noted that whenever the performance of an act otherwise legal ceases to be a lawful act, a cause of action exists in favor of the person aggrieved, and we concluded that the legislature did not contemplate legalizing peaceful persuasion in furtherance of any unlawful strike or actionable conspiracy.

▆▆▆▆▆ Our emphasis in the *Bitzer* case referred to, necessarily was on the pleadings and the evidence. While the filing of an answer in and of itself does not prevent the court from issuing a temporary injunction the court, in absence of evidence must look to the allegations of the complaint, and under such conditions the allegations of the complaint in absence of evidence, must be sufficient in and of themselves to support the action of the trial court. In the case before us, as we have indicated, we have examined the complaint and have concluded that it is deficient in two respects, specifically; (a) in the statement of an unlawfulness of purpose; and (b) in alleging irreparable damage. In the complaint a recital as to unlawfulness of purpose is set forth by allegations that plaintiff's efforts to engage in discussions have been rebuffed by the defendants by a statement that they would not negotiate with plaintiff Association, "it being the apparent intention of defendants to attempt to force various members of plaintiff, individually, into acceding to the demands of defendants"; and also, to the effect that contracts which defendants did propose to various members of

331

the plaintiff Association would require employees to become members of defendant's local union whether they wished to do so, or not. The complaint also in its allegation of damage simply recites that the unlawful and improper picketing has "caused various of plaintiff's members to suffer great financial loss, the extent of which it is impossible to calculate," and to the effect that individual members will continue to suffer great and irreparable damage. It is apparent from an examination of the complaint that the case before us is not at all comparable on its facts to those presented in the *Bitzer* case, and that the complaint is wholly deficient to sustain the injunction issued.

█ Our conclusion therefore is that the complaint fails to properly charge an illegal purpose with any definiteness, and likewise, fails to show an irreparable injury except by way of conclusion. Since there was no evidence presented the injunction issued cannot be sustained. In absence therefore of any evidence in the record to sustain the temporary injunction, and in view of the deficiencies in the complaint, the action of the court in the case before us in issuing a temporary injunction was not warranted. The interlocutory order of the circuit court of St. Clair county enjoining defendants from picketing the premises of individual members of the plaintiff Association is therefore reversed and the cause is remanded to the circuit court of St. Clair county for further proceedings.

*Reversed and remanded.*

SCHEINEMAN and BARDENS, JJ., concur.